*487 Opinion of
the Court.
Rowzee sold to Gregg three slaves, and gave him a bill of sale warranting the title, for which Gregg executed his note for $1,050. On this note Rowzee brought suit and obtained judgment at law, to enjoin *488 which, Gregg filed this bill, in which he alleges that Rowzee was indebted to him, by account, to more than the amount of the judgment; that one of the slaves, a boy named Leman, sold by Rowzee to him, had been taken and sold under an execution issued against the estate of Rowzee; that the boy was of the value of $300, and that Rowzee was insolvent and unable to pay, and he prayed and obtained an injunction.
The proper relief in such cases, is a decree of set-off as far as one debt will extinguish the other, and a dissolution or perpetuation of the injunction, as the case may be, for the balance.
Rowzee, in his answer, alleges that so far as he was indebted to Gregg, he had given credit on the execution, and exhibits the execution with a credit thereon endorsed for $714 41, prior to filing the bill. He particularly controverts an item of $200, charged in the account to have been paid by Gregg to Thomas Smith. He denies that he owed Smith any thing, or requested Gregg to pay him. He admits that the slave, Leman, was taken and sold in virtue of an execution against his estate; but he charges that Gregg, when he bought him, knew of the lien upon the slaves, and was to run the risk of the title, and that the warranty in the bill of sale was inserted by mistake, and contrary to the agreement of the parties. He denies that he is entirely insolvent, but admits that he is in low circumstances, and unable to make the price of the slaves good, if he should be bound to do so.
The injunction was, on motion, dissolved as to $200, and directed to be continued as to the residue, until otherwise ordered by the court; and on a final hearing the court decreed that Rowzee should pay to Gregg $270, as the value of the boy Leman, and dismissed the bill as to $200, without making any order as to the injunction. To that decree Rowzee has prosecuted this writ of error.
There is no pretence to say that there is any evidence to prove a further credit than that endorsed upon the execution, except as to the claim for $200, alleged by Gregg to have been paid by him to Smith, for Rowzee, and for the value of the boy, Leman.
The claim for a credit for the debt alleged to be due to Smith, is supported by the testimony of Smith only, and we have no doubt that his deposition was properly rejected by the court below, on the ground of his incompetence, on the score of interest.
With respect to the claim for the value of the boy, Leman, the only point worthy of any consideration, re *489 lates to the jurisdiction of a court of equity; for there can be no question, but Rowzee is responsible upon his warranty. Gregg might, no doubt, have recovered judgment at law; but as Rowzee admits himself to be unable to make good the value of the slaves, such a judgment would be fruitless and unavailing; and this circumstance is, we apprehend, sufficient to authorise the interposition of a court of equity, for the purpose of setting off the value of the slave against so much of the judgment recovered by Rowzee against Gregg. We accord, therefore, with the circuit court, in the principles upon which the decree is founded; but, instead of decreeing Rowzee to pay the value of the boy, and leaving the injunction undissolved, the circuit court ought, we think, to have decreed the value of the boy (to be first ascertained by the verdict of a jury) to be set-off against the judgment at law, and to have dissolved the injunction as to the residue, if any.
Decree reversed.